CROWN FEATURE FILM CO. et al. v. BETTIS AMUSEMENT CO. et al.

UNIVERSAL FILM MFG. CO. v. BETTIS et al.

(District Court, N. D. Ohio, W. D. February 28, 1913.)

Nos. 2,338, 2,365.

1. COPYRIGHTS (§ 71*)—SUITS FOR INFRINGEMENT—IMPOUNDING ALLEGED IN-
FRINGING ARTICLES—PROCEDURE TO OBTAIN RETURN.

The court cannot entertain a motion for an order to show cause why
articles impounded as alleged infringements of a copyright, under Copy-
right Act March 4, 1909, c. 320, § 25, 35 Stat. 1081 (U. S. Comp. St.
Supp. 1911, p. 1480), should not be returned, unless a showing is made

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by affidavit, as required by rules 9, 10, and 11, adopted by the Supreme Court (172 Fed. v), that the articles seized are not infringing copies.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 84; Dec. Dig. § 71.*]

2. EQUITY (§ 271*)—PLEADING—AMENDMENTS.

It is within the discretion of the court to permit the amendment of a bill pending a demurrer thereto.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 558-560; Dec. Dig. § 271.*]

3. EQUITY (§ 241*)—PLEADING—DEMURRER.

Affidavits cannot be considered in support of a demurrer to a bill.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 515; Dec. Dig. § 241.*]

In Equity. Suits by the Crown Feature Film Company and the Royal Feature Film Company against the Bettis Amusement Company and Will C. Bettis, and by the Universal Film Manufacturing Company against Will C. Bettis and the Western Exhibitors' Feature Film Company. On motions for orders to show cause, and demurrers to bills. Motions denied, and demurrers overruled.

Isaac B. Owens, of New York City, and Owen & Owen and Marshall & Fraser, all of Toledo, Ohio, for complainants.

A. J. Croll, of Toledo, Ohio, for defendants.

KILLITS, District Judge. These cases have been jointly argued before us by the same counsel, raising the same propositions, and the questions may be disposed of jointly. We are asked to consider in each case a motion for an order to show cause why films seized by the marshal pursuant to paragraph C, section 25, of the act of March 4, 1909 (the Copyright Act), and the rules of the Supreme Court for practice and procedure under said section, should not be returned, and also demurrers to the complaints.

[1] The only authority shown to us for a motion to show cause such as is filed here is found in rules 9, 10, and 11 of the Supreme Court (172 Fed. v), adopted by authority of law to provide for procedure under the Copyright Act. Fundamental to the court's right to take up such a motion is a showing by affidavit:

"That the articles seized are not infringing copies, records, plates, molds, matrices, or means for making the copies alleged to infringe the copyright."

The defendants have failed to comply with this provision, but, on the contrary, in filing an affidavit in each case that the photographic films seized are original positives made from the original negatives by the authors and original producers, they have destroyed their opportunity to invoke the benefits of rules 9, 10, and 11; for, if the films seized are exact duplicates of the films of the complainants, obviously the use of them, if copyrights are owned by complainants, must be an infringement.

In the court's judgment, all other matters urged in support of these motions are propositions which find their logical place in a trial of the cases on the merits, and, however they might otherwise apply to

the motion, they are out of place here, for want of fundamental allegation that no infringement is in fact involved.

[2, 3] Pending demurrers, the court permitted the bills to be amended. This was entirely within the discretion of the court, and we are confident upon careful consideration that such discretion was not abused. The bills now appear to us to be invulnerable against demurrer. We are asked to consider the affidavits in connection with the demurrer. This, of course, is not the proper practice. The facts stated in the affidavits, so far as they tend to meet the allegations of the bills, can only be brought to the court's attention by way of a joinder of issues through the proper pleadings and upon a hearing on the merits.

Respecting the mooted question of fact touching the filing of sufficient copies with the Librarian of Congress of the film "St. George and the Dragon," we need but suggest that the complaint in cause No. 2,338 contains allegations which meet the requirements of the statute touching that matter, and no amount of proof or insistence that such allegation is untrue can avail on a demurrer; but the demurrant must be held to the old rule that for the purposes of the demurrer all allegations well pleaded must be assumed to be true.

The demurrers in each case are overruled, and the defendants may have exceptions to the action of the court respecting both motions and demurrers.